# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br>BOP #01183-112,<br><br>                                  Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS;<br>BARACK OBAMA, Mr. President of the<br>United States,<br><br>                                Defendants. | Civil No.   11-1681 JLS (WMc)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution located in Big Spring, Texas and proceeding pro se, filed a one-page complaint entitled "Civil Right Action with the Writ of Summons and Complaint for Federal or Law of State" "under 42 U.S.C. § 1983." Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; nor has he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I.    Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only

1  if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.
2  § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,
3  169 F.3d 1176, 1177 (9th Cir. 1999).
4        Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has
5  he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed pursuant to 28
6  U.S.C. § 1914(a). *Id.*
7  **II**.  **Conclusion and Order**
8        For the reasons set forth above, the Court hereby:
9        (1)  **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
10  filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and
11        (2)  **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to:
12  (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed
13  IFP which includes a certified copy of his trust account statement for the 6-month period
14  preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]
15        **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this
16  Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
17  *Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
18  enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
19  prejudice and without further Order of the Court.
20        **IT IS SO ORDERED.**
21  DATED: September 6, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint, which is comprised of single paragraph of virtually incomprehensible legal jargon and seeks unspecified relief from the President of the United States, will be screened and no doubt dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).